## Commonwealth v. Kaufhold

Before Shughart, P. J., and Weidner, J.

*E. Robert Elicker, 2d,* Assistant District Attorney, for Commonwealth.

*Marlin R. McCaleb,* for defendant.

SHUGHART, P. J., May 30, 1973.—The sole question raised in this motion for a new trial is whether defendant is entitled to an arrest of judgment or, in the alternative, to a new trial as a result of the refusal of the court to sequester Commonwealth witnesses.

In Pennsylvania, it is within the trial court's discretion to exclude witnesses from the courtroom while other witnesses are testifying (Commonwealth v. Sloat, 298 Pa. 10, 16 (1929)), and the court's decision thereon will be reversed only for a clear abuse of discretion: Commonwealth v. Kravitz, 400 Pa. 198, 218 (1960). Defendant's motion must, therefore, be denied unless there is abuse of this discretion.

In Commonwealth v. Turner, 371 Pa. 417 (1952), the Supreme Court of Pennsylvania found reversible error in the trial court's refusal to sequester prosecution

witnesses. The witnesses in that case were detectives who, while secreted in an adjoining prison cell, allegedly overheard an inculpatory statement uttered by defendant to his cellmate. Except for the testimony of the two detectives, the prosecution's case rested entirely on the uncorroborated testimony of a self-confessed accomplice, lending paramount import to the credibility of the detectives as witnesses. This credibility was suspect due to the second detective's rote repetition of the first detective's testimony of all essential facts and details and due to the lack of prior testimony by these witnesses to show possible inconsistencies. In view of the damaging nature of the detectives' testimony, the Supreme Court of Pennsylvania held that no legal test of their credibility should have been denied, including sequestration. The court *expressly* restricted that decision to the facts and circumstances of that case and said, at page 430:

"[O]ur ruling is not to be construed as making a generic change in the established practice in this Commonwealth of permitting the presence in the court room of prospective witnesses."

The uniqueness of the Turner situation is emphasized in Commonwealth v. Godfrey, 177 Pa. Superior Ct. 640 (1955), where three eyewitnesses to a crime testified to one factual incident which would provide the basis for conviction of defendant. The Godfrey court's refusal to sequester the witnesses was held to lie within its discretion. The distinction from Turner rested mainly in the fact that the detectives in Turner were eavesdrop witnesses who overheard an admission, whereas the Godfrey testimony came from eyewitnesses to the crime.

The instant case involved four alleged obscene telephone calls made by defendant to one Mrs. Cummings. As to three of the calls, Mrs. Cummings was the only

witness; Mr. and Mrs. Cummings both testified to the fourth call. As in the Godfrey case, the Cummingses were firsthand witnesses. Further, unless the jury accepted the uncorroborated testimony of Mrs. Cummings as to three of the phone calls, it is unlikely that they would have believed her and her husband as to the fourth. It is within the discretion of the trial court to refuse sequestration where the witnesses testify to separate factual incidents and the testimony of any alone would support a conviction: Commonwealth v. Nestor, 183 Pa. Superior Ct. 350 (1957).

·The Turner case involved the testimony of police detectives and, as mentioned by the Godfrey court, was subject to doubt as the statement had not been mentioned to their superiors in charge of investigation of the crime. Godfrey, supra, at page 643. Their credibility was naturally suspect as convictions had been overturned twice before and their testimony was being presented for the first time in this third trial. In addition, the testimony of the second detective was a repetition of all the essential facts and details of the first detective to testify: Commonwealth v. Turner, supra, at page 429. In the case at bar, testimony of Mrs. Cummings at the preliminary hearing was available and was used to test her credibility, and her testimony at the preliminary hearing and that of her husband at trial did, in fact, conflict, which was evident to the jury. This court's charge to the jury concentrated on their duty to consider the credibility of the witness based on conflicts in testimony, eliminating any need for sequestration.

In summary, the refusal to sequester did not constitute an abuse of discretion because: (1) The testimony of Mrs. Cummings alone supported a conviction; (2) her credibility could be tested by her testimony at the preliminary hearing; and (3) the jury was adequately

instructed as to testing the credibility of the witnesses. The motions for new trial and in arrest of judgment must be denied.

### ORDER OF COURT

And now, May 30, 1973, for the reasons set forth above, the motions for new trial and in arrest of judgment are overruled.

Defendant is directed to appear for sentence at the call of the district attorney.